JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bruce Goodman, individually and d/b/a Goodman Properties

**(b)** County of Residence of First Listed Plaintiff  Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hladik, Onorato & Pearlstine, LLP
Stephen M. Hladik, Esq.
298 Wissahickon Ave.
North Wales, PA 19454  (215) 855-9521

## DEFENDANTS
Steven Durst

14   1061

County of Residence of First Listed Defendant  Burlington County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                  | PTF | DEF |                                                            | PTF | DEF |
|----------------------------------|-----|-----|------------------------------------------------------------|-----|-----|
| Citizen of This State            | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State         | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                          | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:  Breach of Contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 100,000+

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE  Drayer
DOCKET NUMBER  Civil Action 2014-0333E

DATE  2/21/14

SIGNATURE OF ~~ATTORNEY OF RECORD~~
Kirk Panoni, Jr., on behalf of Steven Durst

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE          FEB 21 2014

RK

**UNITED STATES DISTRICT COURT**

**14   1061**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 636 Old York Road, Second Floor, Jenkintown, PA 19046

Address of Defendant: 23 Oakwood Drive, Medford, NJ 08055

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?                                                   Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____          _____          _____
                                    Attorney-at-Law                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/21/14          K Pavoni          FEB 21 2014
                        Attorney-at-Law                    Attorney I.D.#
                Kirk Pavoni, Jr., on behalf of
                Steven Durst

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Bruce Goodman, individually and d/b/a
Goodman Properties

v.

Steven Durst

CIVIL ACTION

**14     1061**

NO. 2014 - 08338

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (X)

2/21/14
**Date**

215-669-7620
**Telephone**

KRavon
Attorney-at-law  Kirk Ravoni, Jr.
on behalf of Steven Durst
N/A
**FAX Number**

Attorney for

stevendurst@Mail.com

**E-Mail Address**

(Civ. 660) 10/02

FEB 21 2014

By: Steven Durst, Pro Se
23 Oakwood Drive
Medford, New Jersey 0805
Phone (215) 669-7620
e-mail: stevendurst@mail.com

**FILED**

FEB 21 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## IN THE COURT OF THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE GOODMAN, individually and d/b/a
GOODMAN PROPERTIES,

                              Plaintiff

              v.

STEVEN DURST,

                              Defendant

**14    1061**

CIVIL ACTION NO. 2014-03338

**NOTICE OF REMOVAL**

Defendant, Steven Durst, hereby files this Notice of Removal of a civil action from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.  Removal is pursuant to 28 U.S.C. §1441(a) and §1446.  Grounds for removal are particularly stated as follows:

1.    This action was commenced on or about February 14, 2014 by means of a Complaint filed in the Court of Common Pleas of Montgomery County, Pennsylvania, docketed at Civil Division, No. 2014-03338.  A copy of the Complaint is attached hereto as Exhibit "A".

2.    There exists complete diversity of citizenship in this action.  Plaintiff, Bruce A. Goodman, is a citizen of Pennsylvania; and the other Plaintiff, Goodman Properties is a Pennsylvania company, with a place of business in Pennsylvania.  The Defendant, Steven Durst, is a citizen of the State of New Jersey.

3.    The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.  Plaintiff's pleadings allege damages "in an amount not less than $50,000.00."  The counterclaim to be filed by Defendant Steven Durst will claim damages in excess of $100,000.00.

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

5.    Removal to this Court is proper under 28 U.S.C. §1441(b).  The Defendant, Steven Durst, is not a citizen of Pennsylvania, the state in which the action was brought.

6.    This Notice of Removal is being timely filed within thirty (30) days after service of the initial pleading in this action.

7.    With respect to the allegations set forth in the Complaint, Plaintiff fails to articulate a cause of action and has failed to identify any specific disparaging remark. The Plaintiffs' Complaint is an effort to put a prior restraint on Defendant's rights of speech.  Plaintiffs are not entitled to injunctive relief as they have an adequate remedy at law.

8.    The defendant, by the act of filing this Notice of Removal, does not waive, and to the contrary he expressly preserves, all defenses and objections he has or may have.

2

WHEREFORE, notice is given that this action is removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

By _____

Steven Durst, Pro Se

Dated:  February 21, 2014

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

NOTIFICATION OF LISTING FOR *Preliminary Injunction*

GOODMAN, BRUCE vs. DURST, STEVEN

CASE #: 2014-03338

HAS BEEN SCHEDULED

ON February 21, 2014 1:30 PM

BEFORE JUDGE DRAYER               IN Court Room A
                                  MONTGOMERY COUNTY COURTHOUSE
                                  NORRISTOWN, PA 19401

If you are disabled and require assistance, please call (610) 278-3224

YOU ARE RESPONSIBLE TO NOTIFY YOUR          Attorneys:
OPPONENT(S) OF THE ABOVE DATE.              STEPHEN M HLADIK, Esq.

EMERGENCY MOTION FOR SPECIAL AND PRELIMINARY INJUNCTION - 1 HOUR
CONFERENCE

County of Montgomery
Court Administrator – *Preliminary Injunction*
P.O. Box 311
Norristown, Pa. 19404-0311

Notices Mailed on 2/18/2014
Parties Notified:

STEVEN DURST
23 OAKWOOD DRIVE
MEDORD, NJ 08055


STEPHEN M HLADIK, Esq.
KERNS PEARLSTINE ONORATO & HLADIK LLP
298 WISSAHICKON AVENUE
PO BOX 1489
UPPER GWYNNED, PA 19454

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

BRUCE GOODMAN et al

vs.

STEVEN DURST

NO. 2014-03338

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

PR1F0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

BRUCE GOODMAN et al

vs.

STEVEN DURST

NO.  2014-03338

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  STEPHEN M HLADIK, Esq., ID: 66287

Self-Represented (Pro Se) Litigant ☐

Class Action Suit    ☐ Yes    ☒ No

MDJ Appeal    ☐ Yes    ☒ No

**Money Damages Requested** ☒

**Commencement of Action**:

Complaint

**Amount in Controversy**:

$50,000 or less

## Case Type and Code

Contract:

Other

Other:    BREACH OF CONTRACT

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

HLADIK, ONORATO & PEARLSTINE, LLP
STEPHEN M. HLADIK, ESQUIRE          *Attorneys for Plaintiff*
ATTORNEY I.D. NO.: 66287
DAVID C. ONORATO, ESQUIRE
ATTORNEY I.D. NO. 41217
298 Wissahickon Avenue
North Wales, PA 19454
(215) 855-9521

| | |
|---|---|
| BRUCE GOODMAN individually and d/b/a GOODMAN PROPERTIES, <div align="center">*Plaintiff,*</div> Vs. <br><br> STEVEN DURST, <div align="center">*Defendant,*</div> | IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PA |

<div align="center">

## COMPLAINT - CIVIL ACTION
## NOTICE

</div>

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

<div align="center">

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCIATION
100 W. AIRY STREET
PO BOX 268
NORRISTOWN, PA 19404
(610) 279-9660

</div>

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

## NOTICIA

LE HAN DEMANDADO A USTED EN LA CORTE.  SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VIENTE (20) DIAS DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTIFICACION.  USTED DEBE PRESENTAR UNA APARIENCIA ESCRITA O EN PERSONA O POR ABOGADO Y ARCHIVAR EN LA CORTE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA.  SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE ENTRAR UNA ORDEN CONTRA USTED SIN PREVIO AVISO O NOTIFICACION Y POR CUALQUIER QUEJA O ALIVIO QUE ES PEDIDO EN LA PETICION DE DEMANDA.  USTED PUEDE PERDER DINERO O SUS PROPIEDADES O OTROS DERECHOS IMPORTANTES PARA USTED.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCIATION
100 W. AIRY STREET
PO BOX 268
NORRISTOWN, PA 19404
(610) 279-9660

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

HLADIK, ONORATO & PEARLSTINE, LLP
STEPHEN M. HLADIK, ESQUIRE          *Attorneys for Plaintiff*
ATTORNEY I.D. NO.: 66287
DAVID C. ONORATO, ESQUIRE
ATTORNEY I.D. NO. 41217
298 Wissahickon Avenue
North Wales, PA 19454
(215) 855-9521

| | |
|---|---|
| BRUCE GOODMAN individually and d/b/a GOODMAN PROPERTIES, <br>         *Plaintiff,* <br> Vs. <br><br> STEVEN DURST, <br>         *Defendant,* | IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PA |

## COMPLAINT

Plaintiff, Bruce A. Goodman, individually and d/b/a Goodman Properties ("Plaintiff" or "Goodman"), by and through his undersigned counsel, hereby brings this Complaint with regard to breach of a settlement agreement contract entered into between Plaintiff and Defendant, Steven Durst. In support thereof, Goodman avers as follows:

## PARTIES

1.    Goodman is an adult individual with a business address at 636 Old York Road, Second Floor, Jenkintown, Pennsylvania 19046.

2.    Steven Durst ("Durst" or "Defendant") is an adult individual with a last known address at 23 Oakwood Drive, Medford, NJ 08055.

## BACKGROUND

3.    Goodman originally commenced legal proceedings against Durst by the filing of a Writ of Summons, at Docket Number 2010-17514, in the Court of Common Pleas of Montgomery County, Pennsylvania.

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

4.      Following the filing of the Writ of Summons, Goodman filed another action by filing a Complaint against Durst, at Docket Number 2010-21254, in the Court of Common Pleas of Montgomery County, Pennsylvania (the "Montgomery County Lawsuit").

5.      Durst removed the Montgomery County Lawsuit to the United States District Court for the Eastern District of Pennsylvania, which matter was docketed at Number 2:10-cv-03980-EL (the "First E.D. Case").

6.      Durst filed Counterclaims against Goodman in the First E.D. Case.

7.      Durst subsequently filed a Complaint against Goodman in the United States District Court for the Eastern District of Pennsylvania, alleging various employment-related causes of action in the matter of *Steven Durst v. Bruce A. Goodman, individually and t/a Goodman Properties and Goodman Management, LLC*, Docket Number 2:11-cv-02972-EL (the "Second E.D. Case").

8.      The United States District Court for the Eastern District of Pennsylvania consolidated the Second E.D. Case with the First E.D. Case.

9.      Bruce A. Goodman filed a Complaint for Ejectment against Durst, in the matter of *Bruce A. Goodman v. Steven Durst*, in the Superior Court of New Jersey, Burlington County, Docket Number BUR-L-3819-10, with respect to the Medford, NJ property (the "Ejectment Action").

10.     The Honorable Karen L. Suter, J.S.C entered an Order on May 4, 2011, granting possession of the NJ Property to Goodman, and directing Durst to vacate the premises on or before June 18, 2011.

11.     In order to resolve their differences and settle the First E.D. Case, the Second E.D. Case and the Ejectment Action, Plaintiff and Defendant entered into a global Settlement

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

Agreement and General Release of Claims resolving the issues present in those pending actions. A redacted copy of the Settlement Agreement is attached hereto and marked as Exhibit "A." A true and correct un-redacted copy will be made available *in camera*.

12.    Among the items provided for in that Settlement Agreement, was a non-disparity clause, which reads as follows:

>18.    <u>No Disparaging Remarks</u>.    Each Party warrants that they will not, at any time, make public or private comments or take any actions which disparage, or are disparaging, derogatory or negative statements about the other Party including, but not limited to, comments concerning their respective businesses, services, finances, policies, or decisions. Durst and Goodman agree to conduct themselves at all times in the future in a manner respectful of each other's rights and privileges and to refrain from engaging in any action detrimental to the other's personal, business and professional welfare. The covenants set forth in this Section 18 constitute material terms of the Agreement. The covenants set forth in this Section 18 constitute additional consideration exchanged by the Parties, and a breach of any covenant in this Section 18 shall constitute a material breach of this Agreement.

13.    Also amongst the paragraphs within the Settlement Agreement was a paragraph on confidentiality, which reads as follows:

>19.    <u>Confidentiality</u>.    Neither of the Parties, nor anyone representing them and/or acting on their behalf, shall disclose the terms of this Agreement including, but not limited to, the claims and defenses set forth in the underlying lawsuits, to any person other than their spouses, accountants, financial advisors, lawyers or as required by law, or for purposes of enforcing this Agreement. In the event that either Party, anyone representing them and/or acting on their behalf, makes a disclosure permitted by this provision, the disclosing party shall inform the individual to whom the disclosure was made of this confidentiality provision, and instruct such individual that the disclosed information is not to be disclosed to any other person. The covenant set forth in this Section 19 constitutes a material term of the Agreement. The covenant set forth in this Section 19 constitutes additional consideration exchanged by the Parties, and a breach of this Section 19 shall constitute a material breach of this Agreement.

14.    It has come to Goodman's attention that on or about January 27, 2014, Durst, in a sworn Certification to the United States District Court of New Jersey in the matter of *Steven and*

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

*Reuben Durst vs. Matthew Durst*, submitted a Certification in support of a Motion to Amend a complaint that he had brought in that Court.

15.     At paragraph 36 of his certification, Durst makes assertions that are disparaging towards Goodman.

16.     As set forth below, the assertions contained in the Durst Certification violate the Settlement Agreement and also constitute a libel *per se*.

## COUNT I – BREACH OF CONTRACT

17.     Goodman incorporates the paragraphs 1 through 16 as though set forth at length herein.

18.     Per the Settlement Agreement, Durst was under an obligation to make no disparaging comments whatsoever with regard to Goodman.

19.     Despite such a contractual agreement, Durst has set forth statements in a Certification that alleges falsely that Goodman engaged in certain activities, such that the statements are disparaging towards Goodman.

20.     These assertions by Durst are clearly in violation of the terms of the Settlement Agreement amongst them and therefore constitute a breach of contract.

21.     Per the terms of the Settlement Agreement, disputes or issues relating to the Settlement Agreement are venued before the Montgomery County Court of Common Pleas. *See* Settlement Agreement at paragraph 24.

22.     The Settlement Agreement further provides that to the extent any action is undertaken with regard to breaches of the Settlement Agreement, the prevailing party is entitled to all fees and costs incurred in bringing such a proceeding. Settlement Agreement at paragraph

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

23.    In this instance, Durst is liable to Goodman for all fees, costs incurred and damages for his libelous comments.

**WHEREFORE,** Bruce Goodman demands judgment against Steven Durst in an amount not less than $50,000.00 and for such other relief as the Court deems necessary and just.

## COUNT II – SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

24.    Goodman incorporates the allegations of paragraphs 1 through 23 as though set forth at length herein.

25.    In a written declaration, Steven Durst has made the assertion that are disparaging towards Goodman.

26.    Such assertions are in direct conflict with the terms of the Settlement Agreement of the parties.

27.    Not only are the allegations false, but they also present a continuing damage to Goodman's business and personal reputation.

28.    As such, the Court should (i) enjoin Durst from making any such statements in violation of the terms of the Settlement Agreement, (ii) further issue an affirmative injunction requiring that Durst remove forthwith from the record of the United States District Court of New Jersey the Certification as filed, and (iii) Order that in the future that Durst specifically perform all terms of the Settlement Agreement in all respects.

**WHEREFORE,** Bruce Goodman requests that the Court enter an injunction that (i) enjoin Durst from making any such statements in violation of the terms of the Settlement Agreement, (ii) affirmatively require that Durst remove forthwith from the record of the United States District Court of New Jersey the Certification as filed and (iii) requires that in the future that Durst specifically perform all of the terms of the Settlement Agreement in all respects.

## COUNT III – LIBEL PER SE

29.    Goodman incorporates the allegations of paragraphs 1 through 28 as though set forth at length herein.

30.    In a written declaration, Steven Durst has made the assertions that are disparaging towards Goodman.  (The Certification of Steven Durst will be produced *in camera* so as to avoid re-publication of the scandalous allegations herein.)

31.    Such assertions by Durst constitute libel *per se*.

32.    Not only are the allegations false, but they also present a continuing damage to Goodman's business and personal reputation.

33.    As such, Durst is liable to Goodman for all damages, including punitive damages stemming from the libelous per se comments.

**WHEREFORE**, Bruce Goodman demands judgment against Steven Durst (i) in an amount not less than $50,000.00, (ii) for punitive damages, and (iii) for such other relief as the Court deems necessary and just.

Respectfully submitted,

HLADIK, ONORATO & PEARLSTINE, LLP

Date: 2/14/14                By: _____

Stephen M. Hladik, Esquire
David C. Onorato, Esquire
*Attorneys for Plaintiff*

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## MUTUAL GENERAL RELEASE OF CLAIMS

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE OF CLAIMS ("Agreement") is made and entered into this 22d day of June, 2011, by and between STEVEN DURST (hereinafter referred to as "Durst") and BRUCE A. GOODMAN, individually and t/a GOODMAN PROPERTIES and GOODMAN MANAGEMENT, LLC (hereinafter, collectively, referred to as "Goodman"). As sometimes used herein, "Goodman" includes the company and its respective divisions, parents, subsidiaries, affiliates and/or related companies and all of their respective past, present and future owners, officers, directors, partners, members, employees, agents and insurers, shareholders, contractors, attorneys, spouses, and their respective heirs, executors, administrators, successors and assigns. Goodman and Durst shall be referred to herein either as a "Party" and/or as the "Parties."

### RECITALS

WHEREAS, Durst and Goodman maintained a business relationship, including wherein Durst was an employee of Goodman; and

WHEREAS, Durst and his family reside at the premises of which Bruce A. Goodman, is the record title owner, and which is located at 23 Oakwood Drive, Medford, New Jersey, 08055 (the "NJ Property"); and



WHEREAS, legal proceedings were initially commenced by Goodman against Durst by the filing of a Writ of Summons, Docket Number 2010-17514, in the Court of Common Pleas of Montgomery County, Pennsylvania; and

WHEREAS, following the filing of the aforementioned Writ of Summons, Goodman filed another action by filing a Complaint against Durst, Docket Number 2010-21254, in the Court of Common Pleas of Montgomery County, Pennsylvania (the "Montgomery County Lawsuit"); and



Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

to resolve the asserted claims in the underlying lawsuits, and to execute this Agreement; and (h) that neither Party has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims that in any way arise out of, relate to, result from, or are in any way connected with the subject of the underlying lawsuits or which could have been made the subject of the underlying lawsuits.

17.    <u>No Admission of Liability</u>. This Agreement shall not in any way be construed as an admission by either Party that it/he acted wrongfully and/or illegally in any manner with respect to the other Party and/or any of the matters/claims released in this Agreement. This Agreement shall not be admissible as evidence of any admission of liability, wrongdoing or a violation of any law in any proceeding under federal, state or local law.

18.    <u>No Disparaging Remarks</u>.    Each Party warrants that they will not, at any time, make public or private comments or take any actions which disparage, or are disparaging, derogatory or negative statements about the other Party including, but not limited to, comments concerning their respective businesses, services, finances, policies, or decisions.  Durst and Goodman agree to conduct themselves at all times in the future in a manner respectful of each other's rights and privileges and to refrain from engaging in any action detrimental to the other's personal, business and professional welfare. The covenants set forth in this Section 18 constitute material terms of the Agreement.  The covenants set forth in this Section 18 constitute additional consideration exchanged by the Parties, and a breach of any covenant in this Section 18 shall constitute a material breach of this Agreement.

19.    <u>Confidentiality</u>.  Neither of the Parties, nor anyone representing them and/or acting on their behalf, shall disclose the terms of this Agreement including, but not limited to, the claims and defenses set forth in the underlying lawsuits, to any person other than their spouses, accountants, financial advisors, lawyers or as required by law, or for purposes of enforcing this Agreement.  In the event that either Party, anyone representing them and/or acting on their behalf, makes a disclosure permitted by this provision, the disclosing party shall inform the individual to whom the disclosure was made of this confidentiality provision, and instruct such individual that the disclosed information is not to be disclosed to any other person.  The covenant set forth in this Section 19 constitutes a material term of the Agreement.  The covenant set forth in this Section 19 constitutes additional consideration exchanged by the Parties, and a breach of this Section 19 shall constitute a material breach of this Agreement.



21.    <u>Entire Agreement, Modification and Waiver</u>. This Agreement sets forth the entire understanding of the Parties with respect to the subject matter hereof and supersedes and voids all previous agreements, policies and practices between Goodman and Durst, whether written or oral, relating to the subject matter hereof.  This Agreement can be modified only in writing, signed by all of the Parties hereto.  The waiver by either Party of a breach or violation of any provision of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or other provision hereof.

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

22.    Severability.  The Parties agree that each provision of this Agreement is severable and further agree that if any term or provision is held to be invalid, void or unenforceable by a court of competent jurisdiction or any administrative agency for any reason whatsoever, such ruling shall not affect the validity of the remainder of this Agreement.

23.    Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original.  Any photocopy or telecopy of this Agreement, or any counterpart, shall be deemed to be the equivalent of the original.

24.    Governing Law.    This Agreement shall be construed in accordance with and governed by the laws of the Commonwealth of Pennsylvania, without regard to conflicts of law principles.  Should a proceeding, legal or otherwise, be commenced to enforce the terms of this Agreement, the Parties agree to the exclusive jurisdiction of the Court of Common Pleas of Montgomery County, Pennsylvania and consent to personal jurisdiction in that court.

25.    Attorney's Fees and Costs.    The prevailing party in any proceeding, legal or otherwise, brought to enforce the terms of this Agreement, or to recover damages for breach hereof, shall be entitled to all attorney's fees, as well as costs and disbursements, in addition to any other relief to which it may be entitled.

26.    Representations, Warranties and Acknowledgements.

a.    Each Party warrants that no promise or inducement has been made or offered for this Agreement except as herein set forth and that they are duly authorized to execute this Agreement and does so knowingly, voluntarily and without any compulsion, duress or undue influence from anyone. Each Party further represents that he and/or it understands the meaning and intent of this Agreement.

b.    Each party acknowledges his and/or its understanding that this is a legally binding document and that, by signing it, he and/or it is agreeing to abide by its terms and he and/or it is voluntarily giving up certain legal rights and claims.

c.    Each party understands and agrees that the other may plead this Agreement as a complete defense to any claim or entitlement relating to the subject matter hereof that hereafter may be asserted by either of them or other persons, or agencies on their behalf, in any suit or claim against the Party.

d.    

e.    Durst acknowledges that he has twenty-one (21) days from his receipt of this Agreement to review it and consider his decision to sign it, although he may return it to counsel for Goodman prior to that time if he desires.

10

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

f.    Durst acknowledges that once he signs this Agreement, he has seven (7) days to revoke it. Durst may do so by delivering to Andee Gaffin, Human Resources Director, Goodman Properties, 636 Old York Road, Second Floor, Jenkintown, PA 19046, a written notice of his revocation within the seven-day revocation period. This Agreement will become effective on the 8th day after Durst signs it, provided that he does not revoke it during the seven-day revocation period.

27.    <u>Miscellaneous</u>

a.    The Parties acknowledge that this Agreement is a collective product and shall not be construed for or against any Party on the ground of sole authorship.

b.    All of the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

c.    The Parties agree to cooperate and execute any further documents reasonably necessary to effectuate this Agreement, including the stipulations of dismissal with prejudice for the First E.D. Case and Second E.D. case, any documents necessary to effect the referenced transaction relating to the NJ Property, and any documents as are reasonably necessary to effecting the easement for and implementation of the Bottino Solar Project referenced herein.

IN WITNESS WHEREOF, the Parties hereto have signed this Agreement as of the day and year written above.

_____
Witness

STEVEN DURST

_____
Witness

_____
BRUCE A. GOODMAN,
Individually and t/a
GOODMAN PROPERTIES

Attest:                                    GOODMAN MANAGEMENT, LLC

_____        By:_____
                                            BRUCE A. GOODMAN, Managing Member

11

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

f.      Durst acknowledges that once he signs this Agreement, he has seven (7) days to revoke it. Durst may do so by delivering to Andee Gaffin, Human Resources Director, Goodman Properties, 636 Old York Road, Second Floor, Jenkintown, PA 19046, a written notice of his revocation within the seven-day revocation period. This Agreement will become effective on the 8th day after Durst signs it, provided that he does not revoke it during the seven-day revocation period.

27.    <u>Miscellaneous</u>

a.      The Parties acknowledge that this Agreement is a collective product and shall not be construed for or against any Party on the ground of sole authorship.

b.      All of the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

c.      The Parties agree to cooperate and execute any further documents reasonably necessary to effectuate this Agreement, including the stipulations of dismissal with prejudice for the First E.D. Case and Second E.D. case, any documents necessary to effect the referenced transaction relating to the NJ Property, and any documents as are reasonably necessary to effecting the easement for and implementation of the Bottino Solar Project referenced herein.

IN WITNESS WHEREOF, the Parties hereto have signed this Agreement as of the day and year written above.

Witness _____        STEVEN DURST _____

Witness _____        BRUCE A. GOODMAN, _____
                                            Individually and t/a
                                            GOODMAN PROPERTIES

                                            GOODMAN MANAGEMENT, LLC

Attest: _____         By: _____
                                            BRUCE A. GOODMAN, Managing Member

11

<u>**VERIFICATION**</u>

I hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. section 4904 relating to unsworn falsifications to authorities.

By: _____

Bruce Goodman

Case# 2014-03338-0 Received at Montgomery County Prothonotary on 02/14/2014 4:10 PM, Fee = $258.00

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

Brue Goodman, individually
and d/b/a Goodman Properties     NO. 2014-03338
vs.
Steven Durst

## COVER SHEET OF MOVING PARTY

Date of Filing 2/14/14 ___ Moving Party Bruce Goodman et al

Counsel for Moving Party Stephen M Hladik ___ I.D. No. 66289

Document Filed (Specify) Emergency motion for special and Preliminary Injunction

Matter is (Check One) _____ (Appealable) _____ (Interlocutory)

Oral Argument ___✓___ (Yes) _____ (No)

-----------------------------------------------------------------------------

**CERTIFICATIONS - Check ONLY if appropriate:**

_____ Counsel certify that they have conferred in a good faith effort to resolve the subject discovery dispute. **(Required by Local Rule 208.2(e) on motions relating to discovery.)**

_____ Counsel for moving party certifies that the subject **civil motion is uncontested** by all parties involved in the case. (If checked, skip Rule to Show Cause section below.)

By: _____
   Counsel for Moving Party

-----------------------------------------------------------------------------

**RULE TO SHOW CAUSE - Check ONE of the Choices Listed Below:**

_____ Respondent is directed to show cause why the moving party is not entitled to the relief requested by filing an **answer** in the form of a **written response** at the **Office of the Prothonotary** on or before the           day of           20__.

_____ Respondent is directed to show cause, in the form of a **written response**, why the attached Family Court Discovery Motion is not entitled to the relief requested. Rule Returnable and Argument the           day of           , 20__ at **1:00 p.m.** at 321 Swede Street, Norristown, Pa.

_____ Respondent is directed to file a **written response** in conformity with the Pennsylvania Rules of Civil Procedure.

_____ Rule Returnable at time of trial.

By: _____
   Court Administrator

2/10

HLADIK, ONORATO & PEARLSTINE, LLP
STEPHEN M. HLADIK, ESQUIRE                    *Attorneys for Plaintiff*
ATTORNEY I.D. NO.: 66287
DAVID C. ONORATO, ESQUIRE
ATTORNEY I.D. NO. 41217
298 Wissahickon Avenue
North Wales, PA 19454
(215) 855-9521

| | |
|---|---|
| BRUCE GOODMAN individually and d/b/a GOODMAN PROPERTIES, <br> *Plaintiff,* <br> Vs. <br><br> STEVEN DURST, <br> *Defendant,* | IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, PA |

<div style="text-align:center">

**EMERGENCY MOTION FOR SPECIAL**
**AND PRELIMINARY INJUNCTION**

</div>

Plaintiff, Bruce A. Goodman, individually and d/b/a Goodman Properties ("Plaintiff" or "Goodman"), by and through his undersigned counsel, hereby moves this Court for entry of a Special and Preliminary Injunction pursuant to Pa. R.C.P. No. 1531. In support thereof, Goodman avers as follows:

<div style="text-align:center">

**PARTIES**

</div>

1.    Goodman is an adult individual with a business address at 636 Old York Road, Second Floor, Jenkintown, Pennsylvania 19046.

2.    Steven Durst ("Durst" or "Defendant") is an adult individual with a last known address at 23 Oakwood Drive, Medford, NJ 08055.

<div style="text-align:center">

**BACKGROUND**

</div>

3.    Goodman originally commenced legal proceedings against Durst by the filing of a Writ of Summons, at Docket Number 2010-17514, in the Court of Common Pleas of Montgomery County, Pennsylvania.

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

4.      Following the filing of the Writ of Summons, Goodman filed another action by filing a Complaint against Durst, at Docket Number 2010-21254, in the Court of Common Pleas of Montgomery County, Pennsylvania (the "Montgomery County Lawsuit").

5.      Durst removed the Montgomery County Lawsuit to the United States District Court for the Eastern District of Pennsylvania, which matter was docketed at Number 2:10-cv-03980-EL (the "First E.D. Case").

6.      Durst filed Counterclaims against Goodman in the First E.D. Case.

7.      Durst subsequently filed a Complaint against Goodman in the United States District Court for the Eastern District of Pennsylvania, alleging various employment-related causes of action in the matter of *Steven Durst v. Bruce A. Goodman, individually and t/a Goodman Properties and Goodman Management, LLC*, Docket Number 2:11-cv-02972-EL (the "Second E.D. Case").

8.      The United States District Court for the Eastern District of Pennsylvania consolidated the Second E.D. Case with the First E.D. Case.

9.      Bruce A. Goodman filed a Complaint for Ejectment against Durst, in the matter of *Bruce A. Goodman v. Steven Durst*, in the Superior Court of New Jersey, Burlington County, Docket Number BUR-L-3819-10, with respect to the Medford, NJ property (the "Ejectment Action").

10.     The Honorable Karen L. Suter, J.S.C entered an Order on May 4, 2011, granting possession of the NJ Property to Goodman, and directing Durst to vacate the premises on or before June 18, 2011.

11.     In order to resolve their differences and settle the First E.D. Case, the Second E.D. Case and the Ejectment Action, Plaintiff and Defendant entered into a global Settlement

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

Agreement and General Release of Claims resolving the issues present in those pending actions. A redacted copy of the Settlement Agreement is attached hereto and marked as Exhibit "A." A true and correct un-redacted copy will be made available *in camera.*

12.    Among the items provided for in that Settlement Agreement, was a non-disparity clause, which reads as follows:

> 18.    <u>No Disparaging Remarks</u>.    Each Party warrants that they will not, at any time, make public or private comments or take any actions which disparage, or are disparaging, derogatory or negative statements about the other Party including, but not limited to, comments concerning their respective businesses, services, finances, policies, or decisions. Durst and Goodman agree to conduct themselves at all times in the future in a manner respectful of each other's rights and privileges and to refrain from engaging in any action detrimental to the other's personal, business and professional welfare. The covenants set forth in this Section 18 constitute material terms of the Agreement. The covenants set forth in this Section 18 constitute additional consideration exchanged by the Parties, and a breach of any covenant in this Section 18 shall constitute a material breach of this Agreement.

13.    Also amongst the paragraphs within the Settlement Agreement was a paragraph on confidentiality, which reads as follows:

> 19.    <u>Confidentiality</u>.    Neither of the Parties, nor anyone representing them and/or acting on their behalf, shall disclose the terms of this Agreement including, but not limited to, the claims and defenses set forth in the underlying lawsuits, to any person other than their spouses, accountants, financial advisors, lawyers or as required by law, or for purposes of enforcing this Agreement. In the event that either Party, anyone representing them and/or acting on their behalf, makes a disclosure permitted by this provision, the disclosing party shall inform the individual to whom the disclosure was made of this confidentiality provision, and instruct such individual that the disclosed information is not to be disclosed to any other person. The covenant set forth in this Section 19 constitutes a material term of the Agreement. The covenant set forth in this Section 19 constitutes additional consideration exchanged by the Parties, and a breach of this Section 19 shall constitute a material breach of this Agreement.

14.    It has come to Goodman's attention that on or about January 27, 2014, Durst, in a sworn Certification to the United States District Court of New Jersey in the matter of *Steven and*

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

*Reuben Durst vs. Matthew Durst*, submitted a Certification in support of a Motion to Amend a complaint that he had brought in that Court.

15.    At paragraph 36 of his certification, Durst makes assertions that are disparaging towards Goodman.

16.    Per the Settlement Agreement, Durst was under an obligation to make no disparaging comments whatsoever with regard to Goodman.

17.    Despite such a contractual agreement, Durst has set forth statements in a Certification that alleges falsely that Goodman engaged in certain activities, such that the statements are disparaging towards Goodman.

18.    These assertions by Durst are clearly in violation of the terms of the Settlement Agreement amongst them and therefore constitute a breach of contract.

19.    Per the terms of the Settlement Agreement, disputes or issues relating to the Settlement Agreement are venued before the Montgomery County Court of Common Pleas. *See,* Settlement Agreement at paragraph 24.

20.    Not only are the allegations by Durst false, but they also present a continuing damage to Goodman's business and personal reputation.

21.    As such, the Court should (i) specially and preliminarily enjoin Durst from making any such statements in violation of the terms of the Settlement Agreement, (ii) further issue an affirmative injunction requiring that Durst remove forthwith from the record of the United States District Court of New Jersey the Certification as filed, and (iii) Order that in the future that Durst specifically perform all terms of the Settlement Agreement in all respects.

**WHEREFORE**, Bruce Goodman requests that the Court enter a Special and Preliminary injunction that (i) enjoin Durst from making any such statements in violation of the terms of the Settlement Agreement, (ii) affirmatively require that Durst remove forthwith from the record of the United States District Court of New Jersey the Certification as filed and (iii) requires that in the future that Durst specifically perform all of the terms of the Settlement Agreement in all respects. A proposed Order to such effect is submitted herewith.

Respectfully submitted,

HLADIK, ONORATO & PEARLSTINE, LLP

Date: 2|14|14          By: _____

Stephen M. Hladik, Esquire
David C. Onorato, Esquire
*Attorneys for Plaintiff*

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = \$0.00

## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## MUTUAL GENERAL RELEASE OF CLAIMS

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE OF CLAIMS ("Agreement") is made and entered into this 22d day of June, 2011, by and between STEVEN DURST (hereinafter referred to as "Durst") and BRUCE A. GOODMAN, individually and t/a GOODMAN PROPERTIES and GOODMAN MANAGEMENT, LLC (hereinafter, collectively, referred to as "Goodman"). As sometimes used herein, "Goodman" includes the company and its respective divisions, parents, subsidiaries, affiliates and/or related companies and all of their respective past, present and future owners, officers, directors, partners, members, employees, agents and insurers, shareholders, contractors, attorneys, spouses, and their respective heirs, executors, administrators, successors and assigns. Goodman and Durst shall be referred to herein either as a "Party" and/or as the "Parties."

## RECITALS

WHEREAS, Durst and Goodman maintained a business relationship, including wherein Durst was an employee of Goodman; and

WHEREAS, Durst and his family reside at the premises of which Bruce A. Goodman, is the record title owner, and which is located at 23 Oakwood Drive, Medford, New Jersey, 08055 (the "NJ Property"); and



WHEREAS, legal proceedings were initially commenced by Goodman against Durst by the filing of a Writ of Summons, Docket Number 2010-17514, in the Court of Common Pleas of Montgomery County, Pennsylvania; and

WHEREAS, following the filing of the aforementioned Writ of Summons, Goodman filed another action by filing a Complaint against Durst, Docket Number 2010-21254, in the Court of Common Pleas of Montgomery County, Pennsylvania (the "Montgomery County Lawsuit"); and



EXHIBIT
A

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

to resolve the asserted claims in the underlying lawsuits, and to execute this Agreement; and (h) that neither Party has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims that in any way arise out of, relate to, result from, or are in any way connected with the subject of the underlying lawsuits or which could have been made the subject of the underlying lawsuits.

17.   <u>No Admission of Liability</u>. This Agreement shall not in any way be construed as an admission by either Party that it/he acted wrongfully and/or illegally in any manner with respect to the other Party and/or any of the matters/claims released in this Agreement. This Agreement shall not be admissible as evidence of any admission of liability, wrongdoing or a violation of any law in any proceeding under federal, state or local law.

18.   <u>No Disparaging Remarks</u>.   Each Party warrants that they will not, at any time, make public or private comments or take any actions which disparage, or are disparaging, derogatory or negative statements about the other Party including, but not limited to, comments concerning their respective businesses, services, finances, policies, or decisions.   Durst and Goodman agree to conduct themselves at all times in the future in a manner respectful of each other's rights and privileges and to refrain from engaging in any action detrimental to the other's personal, business and professional welfare. The covenants set forth in this Section 18 constitute material terms of the Agreement. The covenants set forth in this Section 18 constitute additional consideration exchanged by the Parties, and a breach of any covenant in this Section 18 shall constitute a material breach of this Agreement.

19.   <u>Confidentiality</u>.   Neither of the Parties, nor anyone representing them and/or acting on their behalf, shall disclose the terms of this Agreement including, but not limited to, the claims and defenses set forth in the underlying lawsuits, to any person other than their spouses, accountants, financial advisors, lawyers or as required by law, or for purposes of enforcing this Agreement.   In the event that either Party, anyone representing them and/or acting on their behalf, makes a disclosure permitted by this provision, the disclosing party shall inform the individual to whom the disclosure was made of this confidentiality provision, and instruct such individual that the disclosed information is not to be disclosed to any other person. The covenant set forth in this Section 19 constitutes a material term of the Agreement. The covenant set forth in this Section 19 constitutes additional consideration exchanged by the Parties, and a breach of this Section 19 shall constitute a material breach of this Agreement.



21.   <u>Entire Agreement, Modification and Waiver</u>. This Agreement sets forth the entire understanding of the Parties with respect to the subject matter hereof and supersedes and voids all previous agreements, policies and practices between Goodman and Durst, whether written or oral, relating to the subject matter hereof.   This Agreement can be modified only in writing, signed by all of the Parties hereto.   The waiver by either Party of a breach or violation of any provision of this Agreement shall not operate as, or be construed to be, a waiver of any subsequent breach of the same or other provision hereof.

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

22.    <u>Severability</u>.  The Parties agree that each provision of this Agreement is severable and further agree that if any term or provision is held to be invalid, void or unenforceable by a court of competent jurisdiction or any administrative agency for any reason whatsoever, such ruling shall not affect the validity of the remainder of this Agreement.

23.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original.  Any photocopy or telecopy of this Agreement, or any counterpart, shall be deemed to be the equivalent of the original.

24.    <u>Governing Law</u>.    This Agreement shall be construed in accordance with and governed by the laws of the Commonwealth of Pennsylvania, without regard to conflicts of law principles.  Should a proceeding, legal or otherwise, be commenced to enforce the terms of this Agreement, the Parties agree to the exclusive jurisdiction of the Court of Common Pleas of Montgomery County, Pennsylvania and consent to personal jurisdiction in that court.

25.    <u>Attorney's Fees and Costs</u>.    The prevailing party in any proceeding, legal or otherwise, brought to enforce the terms of this Agreement, or to recover damages for breach hereof, shall be entitled to all attorney's fees, as well as costs and disbursements, in addition to any other relief to which it may be entitled.

26.    <u>Representations, Warranties and Acknowledgements</u>.

a.    Each Party warrants that no promise or inducement has been made or offered for this Agreement except as herein set forth and that they are duly authorized to execute this Agreement and does so knowingly, voluntarily and without any compulsion, duress or undue influence from anyone. Each Party further represents that he and/or it understands the meaning and intent of this Agreement.

b.    Each party acknowledges his and/or its understanding that this is a legally binding document and that, by signing it, he and/or it is agreeing to abide by its terms and he and/or it is voluntarily giving up certain legal rights and claims.

c.    Each party understands and agrees that the other may plead this Agreement as a complete defense to any claim or entitlement relating to the subject matter hereof that hereafter may be asserted by either of them or other persons, or agencies on their behalf, in any suit or claim against the Party.

d.



e.    Durst acknowledges that he has twenty-one (21) days from his receipt of this Agreement to review it and consider his decision to sign it, although he may return it to counsel for Goodman prior to that time if he desires.

10

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

f.    Durst acknowledges that once he signs this Agreement, he has seven (7) days to revoke it.  Durst may do so by delivering to Andee Gaffin, Human Resources Director, Goodman Properties, 636 Old York Road, Second Floor, Jenkintown, PA 19046, a written notice of his revocation within the seven-day revocation period.  This Agreement will become effective on the 8th day after Durst signs it, provided that he does not revoke it during the seven-day revocation period.

27.    <u>Miscellaneous</u>

a.    The Parties acknowledge that this Agreement is a collective product and shall not be construed for or against any Party on the ground of sole authorship.

b.    All of the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

c.    The Parties agree to cooperate and execute any further documents reasonably necessary to effectuate this Agreement, including the stipulations of dismissal with prejudice for the First E.D. Case and Second E.D. case, any documents necessary to effect the referenced transaction relating to the NJ Property, and any documents as are reasonably necessary to effecting the easement for and implementation of the Bottino Solar Project referenced herein.

IN WITNESS WHEREOF, the Parties hereto have signed this Agreement as of the day and year written above.

_____          _____
Witness                                                          STEVEN DURST


_____          _____
Witness                                                          BRUCE A. GOODMAN,
                                                                       Individually and t/a
                                                                       GOODMAN PROPERTIES


                                                                       GOODMAN MANAGEMENT, LLC
Attest:

_____          By:_____
                                                                       BRUCE A. GOODMAN, Managing Member


11

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00

    f.    Durst acknowledges that once he signs this Agreement, he has seven (7) days to revoke it. Durst may do so by delivering to Andee Gaffin, Human Resources Director, Goodman Properties, 636 Old York Road, Second Floor, Jenkintown, PA 19046, a written notice of his revocation within the seven-day revocation period. This Agreement will become effective on the 8th day after Durst signs it, provided that he does not revoke it during the seven-day revocation period.

27.    <u>Miscellaneous</u>

    a.    The Parties acknowledge that this Agreement is a collective product and shall not be construed for or against any Party on the ground of sole authorship.

    b.    All of the terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

    c.    The Parties agree to cooperate and execute any further documents reasonably necessary to effectuate this Agreement, including the stipulations of dismissal with prejudice for the First E.D. Case and Second E.D. case, any documents necessary to effect the referenced transaction relating to the NJ Property, and any documents as are reasonably necessary to effecting the easement for and implementation of the Bottino Solar Project referenced herein.

    IN WITNESS WHEREOF, the Parties hereto have signed this Agreement as of the day and year written above.

Witness

_____

Witness

STEVEN DURST

_____

BRUCE A. GOODMAN,
Individually and t/a
GOODMAN PROPERTIES

Attest:

_____

GOODMAN MANAGEMENT, LLC

By:_____
BRUCE A. GOODMAN, Managing Member

11

<u>**VERIFICATION**</u>

I hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. section 4904 relating to unsworn falsifications to authorities.

By: _____
Bruce Goodman

Case# 2014-03338-1 Received at Montgomery County Prothonotary on 02/14/2014 4:27 PM, Fee = $0.00